FILED

```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ALABAMA        97 DEC 22 PM 4: 06
                          MIDDLE DIVISION
                                                        U.S. DISTRICT COURT
                                                         N.D. OF ALABAMA
```

|  |  |
|---|---|
| DEANNA J. AINSCROUGH ) | |
| Plaintiff(s), ) | |
| vs. ) | CV-97-PT-2327-M |
| EARTHGRAINS BAKING COMPANY, ) INC. and STEVE WALKER ) | |
| Defendant(s). ) | **ENTERED** DEC 2 2 1997 |

### MEMORANDUM OPINION

#### I. BACKGROUND

Deanna Ainscrough, employed by EarthGrains Baking Company, Inc. alleges that she was made the subject of unsolicited and disparaging remarks as well as numerous unwanted touchings and vulgar conduct by her supervisor, Steve Walker. She filed a state law action naming both Walker and EarthGrains as the defendants in the Circuit Court of Dekalb County on July 25, 1997. Ainscrough contends that the comments she endured amounted to a wrongful intrusion into her private activities and that the comments were so outrageous that they exceeded the bounds of decency, intolerable in a civilized society. She alleges that the unwanted touchings constitute assault and battery. Plaintiff argues that EarthGrains is liable for each of the above violations for its failure to afford her adequate protection from

this behavior.

EarthGrains filed a Notice of Removal on September 3, 1997 in the United States District Court for the Northern District of Alabama. EarthGrains maintained in its notice that the plaintiff's state law claims are preempted by § 301 of the Labor Management Relations Act of 1947, (LMRA) 29 U.S.C. § 185(a) and that preemption is appropriate because adjudication of those claims requires a substantial construction of the Collective Bargaining Agreement (CBA) between EarthGrains and the Union. EarthGrains also argued that the present action was in fact a Title VII sexual harassment claim and that as such, federal question jurisdiction should apply, and that the district court has jurisdiction under 42 U.S.C. 2000e *et. seq.*

Plaintiff, along with defendant Steve Walker, filed motions to remand October 30, 1997 and November 7, 1997 respectively.

## II. PARTIES' CONTENTIONS

### A. Plaintiff Ainscrough's Grounds for Remand.

Ainscrough maintains that this action, filed in state court, belongs in state court because it is comprised entirely of state law claims, invasion of privacy, outrage and assault and battery. It is not an action for the alleged breach of the Collective Bargaining Agreement. It is not a Title VII sexual

harassment/discrimination case. The federal district court does not have and has never had original jurisdiction of this case.

Section 301 of the LMRA does not preempt state jurisdiction and render this case removable. Ainscrough contends that proper adjudication of this cause of action does not require substantial construction of the CBA. The case is about EarthGrains' deliberate failure to provide adequate protection to the plaintiff from the improper conduct of Steve Walker. She concedes that the court might need to look at the CBA in order to determine how outrageous EarthGrains' conduct was in dealing with the Walker-Ainscrough situation. The court will not be required to look to the terms and conditions of the labor contract. It need only apply the state law elements of the alleged torts to the factual determinations it makes about Walker's and EarthGrains' conduct.

**B. Defendant EarthGrains' Contentions.**

EarthGrains first argues that Ainscrough's motion to remand was not timely filed. The notice of removal was filed on September 3, 1997. The motion to remand was filed on October 28, 1997. 28 U.S.C. §1447(c) requires that a motion to remand be made within 30 days after the filing of the notice of removal under section 1446(c).

Ainscrough responds by arguing that the 30 day time limit referred to above only applies when there is a claim of a defect in the removal process. It does not apply in the present case where the grounds for the remand deal directly with the legitimacy of the court's subject matter jurisdiction. The motion was not untimely.

Defendant's main contention is that a court cannot adjudicate the state tort claim of outrage without having to perform substantial construction of the CBA. Therefore, the state claims are preempted by LMRA § 301, 29 U.S.C. § 185. In assessing the first prong of the Alabama inquiry for an outrage claim, "extreme or outrageous conduct," the court will have to consider what the CBA indicates is the employer's responsibility in dealing with protecting an employee from sexual harassment by a co-employee. In order to determine the extent to which EarthGrains acted in an unreasonable and outrageous fashion, the court must first learn what was agreed to in the CBA.

Plaintiff responds, contending that preemption does not apply every time the CBA is involved. These state law claims require only tangential contact with the CBA. Factual inquiries into the defendants' behavior are all a court need do to adjudicate these claims. It need not deal with the intricacies of the CBA. The meaning of the terms of the contract are not the

subject of the dispute.

EarthGrains' final contention is that plaintiff's complaint is nothing more than a Title VII sexual harassment/discrimination claim adorned in state law claim clothing. It contends that a plaintiff cannot avoid the prospect of removal by couching federal claims in state law terms.

Plaintiff argues that she has not artfully pleaded federal claims under the guise of state causes of action. She pled clear and specific state causes of action.

EarthGrains contends that plaintiff has either made a Title VII claim clothed in state terms or has plead a state claim preempted by the LMRA due to its entanglements with the CBA. Failure to adequately protect the plaintiff from alleged sexual harassment by Walker, defendant argues, does not amount to outrage under Alabama law. She either has a Title VII claim or has nothing.

### III. COURT'S CONCLUSION

The court agrees with plaintiff's contentions. This cause will be remanded.

DONE and ORDERED this 22 day of December, 1997.

_____
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE